PERRY, RYER & CO. *v.* UNITED STATES (No. 1526).[1]

STAINED GLASS WINDOWS FOR USE IN HOUSES OF WORSHIP.

The legislative history of that portion of paragraph 655, tariff act of 1913, that relates to painted or stained glass windows shows clearly, and the language itself must be taken to show, that it is a complete and independent provision, in no wise modified or affected by the clause of exclusion in the paragraph.   Houses of worship are those designated as beneficiaries in importing free of duty painted or stained glass windows, and they are so entitled whether incorporated or not.

United States Court of Customs Appeals, May 18, 1915.

APPEAL from Board of United States General Appraisers, G. A. 7690 (T. D. 35168).

[Reversed.]

*Curie, Smith & Maxwell* (*Thomas M. Lane* of counsel) for appellants.
*Bert Hanson*, Assistant Attorney General (*Samuel Isenschmid*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal concerns importations of stained or painted glass windows.   The method of their construction is aptly described by the board as follows:

The glass is first cut into the desired shapes and forms.   After being painted or stained the pieces are put together to form the window by means of lead strips extending between the pieces of glass and binding the whole together by a strip of metal or

---

[1] Reported in T. D. 35462 (28 Treas. Dec., 898).

lead continuously around the outside of the various panels or sections which constitute the window.   The lead strips are made by first casting or molding a bar of lead in a steel mold.   This, in turn, is passed through a machine called a die, consisting in part of revolving wheels.   The lead when coming from this machine is smooth and uniform throughout its length, and has upon its opposite sides deep grooves with corrugated bottoms, in which the edges of the glass are inserted.   This strip of lead is placed upon one edge of the piece of glass, pressed firmly to the glass by means of a small piece of wood, called by the witness a "ladikin."   Then the glass is inserted in the opposite groove, and the lips or flanges of the strip of lead are firmly pressed down upon the glass. This operation is continued until the pieces of glass constituting the window or panel are all put together.   Where the flanges of the lead come in contact they are firmly cemented to the glass.   By reason of the broken line between the pieces of glass there are frequent intersections of the lead strip; at the intersections the lead is soldered. This occurs in a great many places, depending upon the angles of the various pieces of glass and the number of times the line is broken.

In part the windows were imported for presentation to St. Joseph's Church (incorporated) of West New York, N. J., and in part for presentation to St. Peter's Cathedral (unincorporated) of Erie, Pa. They were assessed for duty as stained or painted glass windows or parts thereof under the provisions of paragraph 95 of the tariff act of 1913, and are claimed to be entitled to free entry as stained or painted glass windows imported to be used in houses of worship under the provisions of paragraph 655 of the same act.

There is no question here but that the regulations of the Secretary of the Treasury provided in accordance with the specific terms of paragraph 655 have been complied with.

It is claimed, however, that it does not follow that unincorporated and incorporated religious institutions stand upon the same basis under the provisions of the existing law.

Assistance will be had in consideration of the questions here involved by a reference to the statutes *in pari materia* and their legislative history.   It may be said generally that all tariff acts from 1890 to 1913, inclusive, in specific terms levied duties upon stained and painted window glass and stained or painted glass windows. While the language of the respective acts differs the substance was the same.   See tariff act of 1890, paragraph 122; 1894, paragraph 102; 1897, paragraph 112; 1909, paragraph 109.   The provision of the existing law under which the assessment was made, paragraph 95, provides duty upon "stained or painted glass windows, or parts thereof."

The provisions of the free lists of the different tariff acts, 1890 to date, are as follows:

757. Works of art, the production of American artists residing temporarily abroad, or other works of art, including pictorial paintings on glass, imported expressly for presentation to a national institution, or to any State or municipal corporation, or incorporated religious society, college, or other public institution, *except* stained or painted window-glass or stained or painted glass windows; but such exemption shall be subject to such regulations as the Secretary of the Treasury may prescribe.

### TARIFF ACT OF 1894.

686. Works of art, the production of American artists residing temporarily abroad, or other works of art, including pictorial paintings on glass, imported expressly for presentation to a national institution, or to any State or municipal corporation, or incorporated religious society, college, or other public institution, *including* stained or painted window glass or stained or painted glass windows; but such exemption shall be subject to such regulations as the Secretary of the Treasury may prescribe.

### TARIFF ACT OF 1897.

703. Works of art, the production of American artists residing temporarily abroad, or other works of art, including pictorial paintings on glass, imported expressly for presentation to a national institution, or to any State or municipal corporation, or incorporated religious society, college, or other public institution, *except* stained or painted window glass or stained or painted glass windows; but such exemption shall be subject to such regulations as the Secretary of the Treasury may prescribe.

### TARIFF ACT OF 1909.

716. Works of art, productions of American artists residing temporarily abroad, or other works of art, including pictorial paintings on glass, imported expressly for presentation to a national institution, or to any State or municipal corporation or incorporated religious society, college, or other public institution, *except* stained or painted window glass or stained or painted glass windows, and *except* any article, in whole or in part, molded, cast, or mechanically wrought from metal within twenty years prior to importation; but such exemption shall be subject to such regulations as the Secretary of the Treasury may prescribe.

### TARIFF ACT OF 1913.

655. Works of art, productions of American artists residing temporarily abroad, or other works of art, including pictorial paintings on glass, imported expressly for presentation to a national institution or to any State or municipal corporation or incorporated religious society, college, or other public institution, *including* stained or painted window glass or stained or painted glass windows imported to be used in houses of worship, and *excluding* any article, in whole or in part, molded, cast, or mechanically wrought from metal within twenty years prior to importation; but such exemption shall be subject to such regulations as the Secretary of the Treasury may prescribe.

It will be noted that the tariff act of 1890 excepted from the privileges of the free list paragraph 757, stained or painted window glass or stained or painted glass windows. That provision of that law was the subject of decision by the Supreme Court in United States *v.* Perry (146 U. S., 71). The court reviewed the history of the previous tariff acts *in pari materia* and concluded therefrom and the paragraphs *in pari materia* before it, that stained or painted glass windows were not works of art within the provisions of paragraph 757 of the tariff act of 1890. The court drew this conclusion not alone from the legislative history of the provision itself but from the recited provisions *in pari materia* of the act of 1890.

The immediate matter of pertinence here is that it was in that decision declared by the Supreme Court that stained and painted glass windows were not works of art, as that term was used in paragraph 757 of the tariff act of 1890. The decision was promulgated November 7, 1892. Accordingly, as above shown, upon enactment

of the tariff act of 1894, paragraph 686, Congress changed the phraseology of this paragraph, inserting the word "including" in place of the word "except," thereby in accordance with the policy of that act allowing free entry to this hitherto dutiable subject matter.   In pursuance likewise of the change of policy of Congress from the tariff act of 1894 to 1897 the language of the act of 1890 was adopted by substituting the word "except" for the word "including" in the tariff act of 1894.   The tariff act of 1909 adopted *in hæc verba* paragraph 703 of the tariff act of 1897.   An additional provision was introduced in that act in the words, "and except any article, in whole or in part, molded, cast, or mechanically wrought from metal within twenty years prior to importation."

Then follows the tariff act of 1913, paragraph 655.   This provision, consistent with the changed party policy of Congress from the policy of the tariff act of 1909 as to stained or painted glass windows when imported to be used in houses of worship, allowed free entry therefor by substituting the word "including" for the word "except," preceding this provision within paragraph 655.

If we are to look at the enactments alone, reading therefrom the purpose of Congress in the act of 1913 as thus reflected, an instructive lesson is afforded.   We are of the opinion that it conclusively appears from this legislative correlation that Congress deemed, and legislated with the intent, that the two subjects, painted glass windows and articles in whole or in part wrought from metal, as provided for in this paragraph, were distinct and different, the one in no wise including the other.   The fact that they were both adopted in the act of 1909, as exceptions to the works of art given free entry under paragraph 716 indicates most persuasively that Congress did not deem the provisions coextensive but comprehensive of different subjects. It seems unanswerable that if the provision for articles wrought wholly or in part of metal in the mind of Congress embraced such windows it was entirely unnecessary to insert the latter provision in the act of 1909, excepting both from the works of art given free entry.   The action of Congress in the act of 1913 in reversing the dutiable status of the windows by simply changing the word "except" to "including" further indicates the same congressional view.   Indeed, this uninterrupted assumption by Congress throughout many tariff acts that it was dealing with an independent subject matter in these provisions changing its policy by changing only the words "except" and "including" clearly shows that Congress regarded these provisions separate and each entire.

Aside, however, from the inferences deducible from the language of Congress the relevant matters attendant upon the enactment of the act of 1913 are conducive to the same conclusion.   When this provision was under consideration by the Ways and Means Committee of the House of Representatives representation was made to

them in behalf of the churches to insert a provision for their benefit. That representation was couched, in part, as follows:

That the word "including" be substituted for the word "except" preceding the phrase "stained or painted window glass or stained or painted glass windows," as found in paragraph 716, thus restoring the privilege of free entry to church windows as it stood under the Wilson tariff of 1894, and as it was accorded prior to the tariff act of 1890. (Hearings, Ways and Means Committee, House of Representatives, 1913, vol. 1, pp. 908, 909.)

When the bill was reported to the House it contained an exact response to this petition by inserting the requested language.

Upon the floor of the House it was moved to strike out the word "including" and insert the word "except" so as not to allow free entry of stained or painted glass windows to the churches. (Cong. Rec., vol. 50, p. 1225.) The amendment was rejected. It is pertinent to regard the language of Mr. O. W. Underwood, chairman of the Committee on Ways and Means, in defending the proposed provision in favor of free entry of these windows when imported for houses of worship. He stated (Cong. Rec., vol. 50, p. 804):

We propose to give the churches free admission of stained glass *for any church that desires to apply for it* without having to come to this Congress to get that privilege.

In the Senate the Finance Committee struck out the House amendment, substituting the word "excluding" for the word "including." Later the provision was referred back to the Finance Committee, which reported the paragraph with a recommendation that the amendment substituting "excluding" for "including" be disagreed to and the House provision restored. This amendment was adopted. (Cong. Rec., vol. 50, p. 4250.) Significance is given to this action upon the part of the Senate by reason of the fact that its attention had, by the Notes on Tariff Revision, 1913, Senate Document 136, pages 202, 203, been called to the express effect of the House provision. After inserting the words "imported to be used in houses of worship" the Senate adopted the provision and in this form the bill passed.

In conference it was agreed to in this form and became a law as in the statute recited.

A reading of this legislative history of the paragraph leaves no shadow of a doubt that the Congress intended by this provision of paragraph 655 to provide that stained or painted glass windows, when imported by a house of worship, should be entitled to free entry.

An examination of the language of the paragraph leads to the same conclusion. Indeed, it would seem that resort to aids to construction in addition to the natural grammatical sense of the paragraph is unnecessary.

655. Works of art, * * * (a) *including* pictorial paintings on glass, imported expressly for presentation to * * * any * * * incorporated religious society,

college, or other public institution; (b) *including* stained or painted window glass or stained or painted glass windows imported to be used in houses of worship; *and* (c) *excluding* any article, in whole or in part, molded, cast, or mechanically wrought from metal within twenty years prior to importation;  *  *  *.

Grammatically the paragraph relates to "works of art" of which different dutiable conditions are predicated by "including" some classes within the free list and "excluding" others therefrom.   The above paraphrase of the paragraph more clearly shows the exact relation of the parts of the paragraph.   All are predicated of "works of art" entitled to free entry.   The word "including" and the word "excluding" in each case is related to "works of art."   "Including" and "excluding" stand in contrast with each other, referring back to the words "works of art" and not as embracing or modifying any of the contrasted provisions.   That the last two provisions are thus coordinated is made more evident by their relation being established by use of the coordinating word "and."

Moreover, the provision for such windows as found in paragraph 655 of the tariff act of 1913 bears internal evidences of its complete and independent character, embracing as it does separable and complete provisions not alone independent of but contrary to the other provisions of the paragraph relating to a different subject matter. Thus it is predicated of "stained or painted window glass" and "stained or painted glass windows."   The phraseology indicates that the latter includes not only the glass content of such windows but all materials necessary to make stained window glass into completed stained-glass windows.   It is conceded in the record that there are none such not leaded, hence the necessary inference is that they were intended to be specifically herein provided for.   The further fact that the preceding exception in the paragraph extends only to "incorporated" religious societies and so read in previous tariff acts, while this exception is expressly extended to all "houses of worship," is another evidence of the intent of Congress to enact this exception as a complete and independent provision, a part of another paragraph, but nevertheless to be construed as though it were a separate enactment.

Viewing that portion of paragraph 655 relating to painted or stained glass windows as a complete, independent provision in nowise affected or modified by the last provision of the paragraph, the question as to whether or not unincorporated institutions are entitled to its benefits is not in the case.   It affords its own designation of beneficiaries, extending to all houses of worship.   For these reasons we are of the opinion that the importations were entitled to free entry and that the decision of the Board of General Appraisers should be *reversed*.